No. 9204.

THE STATE OF LOUISIANA VS. EDWARD MOLISSE.

In a criminal prosecution the accused has the right to object to the introduction of a dying declaration, on the ground that when he made it the declarant did not believe that he was about to die. In support of his objection it is competent for the accused to introduce testimony tending to show that when the declaration was made the declarant was not under the sense of an impending dissolution, but that he had hopes of recovery.

The decision of the true condition of the deceased, as a test of the admissibility of his declaration, is within the exclusive province of the court.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*The Attorney General* for the State, Appellee.

*A. A. Ker* and *J. Duvigneand* for Defendant, Appellant.

The opinion of the Court was delivered by

Poché, J.    Under an indictment for murder, the defendant was convicted of manslaughter and sentenced to the penitentiary for five years.

His appeal presents the question of the admissibility of the dying declaration of the deceased, which had been taken down in writing by a magistrate.

The objection was in substance, that when the deceased made the declaration he was not under the sense of impending dissolution.    The defendant offered testimony to prove that, notwithstanding his declaration in the instrument that he was about to die, the deceased did not then believe in his approaching death, and had so declared to other persons immediately before and after making the declaration.    The district judge rejected the testimony and admitted the declaration.

In his reasons attached to the bill the judge says in substance, that parol testimony is not admissible to contradict the contents of a written document, and that the jury were the sole judges of the credibility of deceased in any and all the statements which he made in his declaration.    He allowed the defense to question the magistrate as to the state of consciousness of the deceased at the time that he made the declaration, but restricted the examination to that witness and to that point.

We fear that our learned brother of the District Court misapprehended the scope of defendant's objections and the purpose he had in view by the proffered testimony.

The test of the admissibility of a dying declaration is in the belief of the deceased that death is fast approaching (State vs. Trivas, 32 Ann. 1088), and that his mind and his heart are under the influence of that belief at the time that he makes the declaration.

That state of his mind is the indispensable condition of the admissibility of his declaration in evidence ; and his assertion that he believes in his approaching death is not conclusive, and is not the exclusive mode of proving the real condition of his mind.

"It may be directly proved by the express language of the declarant, or be inferred from his eminent danger, or the opinions of the medical or other attendants, stated to him, or from his conduct or other cir-

cumstances of the case, all of which are resorted to in order to ascertain the state of the defendant's mind." Greenleaf's Evidence, §158.

Hence, the statements of the deceased made in answer to questions propounded to him touching his condition and his belief as to his chances of recovery have been admitted as testimony in support of the admissibility of his declaration in evidence. State vs. Trivas, 32 Ann. 1086. Where a party expressed an opinion that she should not recover, and made a declaration at that time, and afterwards, on the same day, asked a person whether she would rise again, it was held that this showed such a hope of recovery as rendered the previous evidence inadmissible. Wharton's Criminal Law Evidence, §671.

In this case it was therefore competent for the accused to show that, notwithstanding the expression of the deceased that he was about to die, he had spoken and acted, immediately before and after making such a statement, in a manner which indicated that he actually believed otherwise, that he thought that he was then in no immediate danger of death, and that therefore his written declaration was not in law and in fact a dying declaration.

The purpose of the proffered testimony was not to rebut the statements made by the declarant touching the *res gestae*, but it was intended exclusively to disprove the assertion of his belief in his fast approaching death.

The decision of that point is not within the province of the jury, but, like all questions involving the admissibility of evidence, it is of the exclusive province of the court, and for that reason alone it comes within the scope of our limited criminal jurisdiction. Wharton's Evidence, §681 ; State vs. Trivas, 32 Ann. 1088; State vs. Daniel, 31 Ann. 95 ; State vs. Spencer, 30 Ann. 362.

We are, therefore, clear in our conviction that the judge should have heard the witnesses whose testimony was offered by the accused on that vital point, and that he should not have ruled on the admissibility of the dying declaration before hearing and considering their testimony ; and to that end we are compelled to remand the cause. We cannot, and do not propose in this opinion, to decide the question of the admissibility of the declaration of the deceased.

It is therefore ordered and adjudged that the sentence and judgment appealed from be reversed, that the verdict of the jury be set aside, and that this cause be remanded to the District Court to be proceeded with according to law and the views herein expressed

Judgment reversed.